IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN DOE                                                                                              PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 2:04cv304-KS-JMR

DEWITT L. FORTENBERRY, JR.,
DIRECTOR, MISSISSIPPI DEPARTMENT
OF PUBLIC SAFETY                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is the motion of Defendant Dewitt L. Fortenberry seeking dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6). From its review of the allegations made by the plaintiff in his complaint, as well as applicable law, and having heard and considered argument of the parties and being thus fully advised in the premises, the court finds that the plaintiff can prove no set of facts in support of his claim against the defendant that would entitle him to relief and accordingly grants the defendant's motion. The court further finds more specifically as follows:

On September 8, 2004, the anonymous plaintiff filed suit seeking prospective injunctive and declaratory relief and specifically requesting that this court enjoin implementation of the Registration of Sex Offenders Law to the extent that it applies to him. This registration law, which was enacted in 2000, requires a person convicted of a sex offense–regardless of the date of conviction–to submit certain information to the Mississippi Department of Public Safety.[1] According to the Complaint, in 1985 or 1986 the plaintiff pled guilty to and was convicted of a crime that is defined as a "sex

---

[1] Miss. Code Ann. § 45-33-25(1): "Any person residing in this state who has been convicted of any sex offense...shall register with the Mississippi Department of Public Safety." Miss. Code Ann. § 45-33-27(6): "A person...who is required to register on the basis of a sex offense for which a conviction...was entered prior to July 1, 1995, shall register with the sheriff of the county in which he resides no later than August 15, 2000."

offense" for which registration is required. The plaintiff contends that the sex offender registration law is unconstitutional as to himself and "others convicted of sex crimes prior to its enactment" because it fails to provide adequate notice to them of the registration requirements in violation of the Due Process Clause of the Fourteenth Amendment and also because it violates the *Ex Post Facto* Clause. By the instant motion, the defendant contends that the plaintiff does not have standing to challenge the adequacy of notice, that due process does not require notification to each sex offender of his statutory duty to register and that the registration requirement does not constitute prohibited *ex post facto* punishment. In response to the motion, the plaintiff appears to concede that the registration requirement does not have *ex post facto* implications.[2] He focuses instead on the notice argument and claims standing because he is "directly impacted by the provisions of Mississippi's Sex Offenders Registration Law."[3]

On a motion to dismiss for failure to state a claim upon which relief can be granted, this court must adhere to the "rigid" 12(b)(6) standard. *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). This means that all factual allegations set out in the plaintiff's complaint must be accepted as true, that all doubts about sufficiency of evidence must be resolved in his favor, and that the case cannot be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Whitehead v. Zurich American Ins. Co.,* 348 F.3d 478, 479 (5th Cir. 2003). Taking as true that the plaintiff did not receive individualized notice of the requirement that he register as a sex offender, he may withstand the defendant's motion for

---

[2] "Plaintiff would further agree that the U.S. Supreme Court and the vast majority, if not all, of those courts who have reviewed similar statutes under the *ex post facto* clause, have found that similar statutes do not violate the Constitution's *ex post facto* clause." Response [#12] at 1. In *Smith v. Doe,* 538 U.S. 84 (2003), cited by the plaintiff, the Supreme Court held that Alaska's sex offender registration act was nonpunitive and therefore that its retroactive application did not violate the *ex post facto* clause.

[3] Response [#12] at 5.

dismissal only if he has standing to challenge the adequacy of notice and then only if the due process clause requires that such notice be given.

As to the plaintiff's standing, the Supreme Court has "established that the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The first of these elements is that "the plaintiff must have suffered 'injury in fact'–an invasion of a legally protected interest which is (a) concrete and particularized,...and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Id.* In this case, it appears that the court's inquiry into the plaintiff's standing need extend no further than the plaintiff's lack of the all-important "legally protected interest."

It is certainly true that "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561. This is so because on a motion to dismiss the court is to "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* By way of his complaint, Plaintiff Doe sets forth certain facts to support his claim of entitlement to specific notice of the registration requirement: He is sixty-four years old. He was convicted of a sex crime eighteen years ago. He completed his term of probation. He voluntarily sought and received counseling. He is fully rehabilitated. The registration requirement was enacted after his conviction. The Act provides no mechanism to give him notice of the registration requirement. He has not received notice. If he does not register he may be subject to criminal prosecution. More telling, though, is that his claim that he "will suffer irreparable injury if he is required to register as a sex offender" immediately follows his contention that "[i]t would be against good conscience and equity to require Plaintiff to register at this time in his life as a sex offender." Although the plaintiff may have sufficiently stated a claim that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,"[4] these allegations, even

---

[4]*Conley v. Gibson,* 355 U.S. 41, 47 (1957).

if proven, do not implicate a constitutionally-protected liberty interest.

In *Connecticut Dep't of Public Safety v. Doe,* Plaintiff Doe claimed that Connecticut's registry requirement "deprive[d] him of a liberty interest–his reputation combined with the alteration of his status under state law–without notice or a meaningful opportunity to be heard." 538 U.S.1, 6 (2003). Although it reversed summary judgment in favor of the offender on other grounds, the Supreme Court did reiterate that "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." *Id.* at 6-7. In *Smith v. Doe,* 538 U.S. 84 (2003), the Supreme Court evaluated a challenge to Alaska's registration act as being violative of the *ex post facto* clause. In determining that the Act was regulatory rather than punitive, the Supreme Court acknowledged

> that notice of a criminal conviction subjects the offender to public shame, the humiliation increasing in proportion to the extent of the publicity. And the geographic reach of the Internet is greater than anything which could have been designed in colonial times. These facts do not render Internet notification punitive. The purpose and the principal effect of notification are to inform the public for its own safety, not to humiliate the offender. Widespread public access is necessary for the efficacy of the scheme, and the attendant humiliation is but a collateral consequence of a valid regulation.

*Smith v. Doe,* 538 U.S. at 99. Although far from "concrete and particularized," the irreparable injury contemplated by Mississippi's Plaintiff Doe if he is required to register as a sex offender is like in kind to Connecticut Doe's reputation and status claims and the collateral consequence to Alaska's Doe. As Plaintiff Doe may suffer criminal penalties only if he <u>fails</u> to register, he falls short of the irreducible constitutional minimum of a protected liberty interest that would give him standing to bring this due process challenge.

However, even if Plaintiff Doe did have standing, the notice to which he claims entitlement is not constitutionally mandated under the facts of this case. In his complaint, the plaintiff ties his

claimed right to notice with the fact that he is fully rehabilitated.[5] As with Connecticut's sex offender registry law, this fact is not material under Mississippi's law because the registration requirement "turn[s] on an offender's conviction alone–a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest." *Connecticut Dep't of Public Safety v. Doe,* 538 U.S. at 7.[6]   Although "a sex offender who fails to comply with the reporting requirement may be subjected to a criminal prosecution for that failure, [] any [such] prosecution is a proceeding separate from the individual's offense." *Smith v. Doe,* 538 U.S. 84, 102 (2003).  The Supreme Court has concluded that sex offender registration acts are civil regulatory schemes that apply "only to past conduct, which was, and is, a crime.  This is a necessary beginning point, for recidivism is the statutory concern.  The obligations the statute imposes are the responsibility of registration, a duty not predicated upon some present or repeated violation." *Smith v. Doe,* 538 U.S. at 105.  Although it may be that one "who ha[s] not been convicted of a sex offense ha[s] a liberty interest created by the Due Process Clause in freedom from sex offender classification and conditions" without procedural due process,[7] that is not this case.  Accordingly, Plaintiff Doe's due process claim must fail.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant Dewitt L. Fortenberry's

---

[5] *See also* Response [#12] at 1: "Plaintiff in this case did not receive adequate notice, despite evidence that he had been fully rehabilitated."

[6] In his concurrence, Justice Scalia added that "even if the requirements of Connecticut's sex offender registration law implicate a liberty interest of respondents, the categorical abrogation of that liberty interest by a validly enacted statute suffices to provide all the process that is 'due.'" *Id.* at 8.

[7] *Coleman v. Dretke,* 395 F.3d 216, 222 & n. 30 (5th Cir. 2004) (citing *Connecticut Dep't of Public Safety v. Doe* for the proposition that "the registration law applie[s] only to those with sex offense convictions" and not to one "who never had the original 'procedurally safeguarded opportunity to contest'"), *reh'g en banc denied,* 409 F.3d 665 (5th Cir. 2005), *cert. denied,* 126 S. Ct. 427 (2005).

**Motion to Dismiss** [#8] is **GRANTED**;

A separate judgment in accord with Federal Rule of Civil Procedure 58 will be entered herein.

SO ORDERED this the 31st day of July, 2006.

                    s/ *Keith Starrett*
                    UNITED STATES DISTRICT JUDGE